Curia, per

O’Neall, J.
The general rule in pleading is that there should be “ a clear and distinct statement of the facts which constitute the cause of action or ground of defence, so that they maybe understood by the party who is to answer them, by the jury, who are to ascertain the truth of the allegations, and by the court, who are to give judgment.” (1 Chit. Pl. 236*). The declaration in this case will not stand the test of the rule, being silent in regard to a material part in the history of the facts.
In Morgan vs. Hughes, (2 T. R. 225,) Mr. Justice Buller makes the following remark on this subject (p. 231): “ Saying that the plaintiff was discharged is not sufficient; it is not equal to the word ‘acquitted’ which has a definite meaning. When the word ‘acquitted’ is used, it must be understood in the legal sense; namely, by a jury on a trial.” The word 4discharged’ then, does not import, with requisite legal precision, a verdict upon trial per pais. Again, (2 Chit. Pl. 302, n.†) it is said that “the proceedings in the original prosecution are to be described as in the record of acquittal;” and it will not be pretended that, in the declaration before us, this rule has been observed. A proper description of acquittal before a petit jury is found in Thomas vs. DeGraffenreid, (2 N. & M’C. R. 144,) “Legitimo modo acquietatus.” This is precise, and points with accuracy to the mode of discharge which will be given in evidence under it. The motion to set aside the non-suit is dismissed. The motion to amend cannot be allowed: *11 it is too late to ask for that after the case has been before the jury. Glenn vs. M’Cullough, (2 M’C. R. 212.)
Sullivan, for the motion; Young,' contra.
Richardson, Evans and Butler, JJ. concurred, Earle, dubitante; Gantt, J. absent at the argument.

 New ed. 268.

 New ed. 612d, note l.